UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| SIERRA CLUB,<br><br>   Plaintiff<br><br>   vs.<br><br>MIDAMERICAN ENERGY COMPANY,<br><br>   Defendant | )<br>)<br>)<br>)<br>)<br>)  Case No. 13-CV- 21 -___<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, Sierra Club, by its undersigned attorneys, alleges as follows:

### INTRODUCTION

1. This is a civil action for civil penalties, declaratory and injunctive relief, with costs and fees, under the Clean Air Act ("the Act" or "CAA"), 42 U.S.C. §§ 7401, *et seq.* and the federally-enforceable Iowa State Implementation Plan.

2. Sierra Club seeks an order requiring the Defendant, MidAmerican Energy Company, to comply with the requirements of the Act and the Iowa State Implementation Plan, to forfeit penalties for violations of the CAA at the George Neal North, Riverside Generating Station, and Walter Scott Jr. Energy Center power plants, and to mitigate past illegal emissions.

3. The Defendant operates coal-fired power plants located in Iowa that emit thousands of tons of carbon dioxide, nitrogen oxides and sulfur oxides every year as well as significant amounts of particulate matter, carbon monoxide, mercury, and other hazardous air pollutants. Those pollutants contribute to climate change, respiratory distress, cardiovascular disease, and premature mortality. Nitrogen oxides and sulfur oxides in the air also contribute to

acid rain, which sterilizes lakes and damages property. The presence of those pollutants in the atmosphere is associated with increased hospital admissions and emergency room visits.

## PARTIES

4. Plaintiff Sierra Club is an incorporated, not-for-profit organization with its headquarters at 85 Second Street, 2nd Floor, San Francisco, California and its Iowa Chapter Office at 3839 Merle Hay Road #280, Des Moines, Iowa. Its purpose is to preserve, protect, and enhance the natural environment. Its mission includes reducing and eliminating pollution from the mining, combustion, and waste disposal of coal, which negatively affects Sierra Club's members as well as members of the public. Sierra Club has over 1.3 million members and supporters nationwide, including approximately 5,000 members in Iowa.

5. Defendant MidAmerican Energy Company is a corporation incorporated under the laws of Iowa with its headquarters at 666 Grand Avenue, Des Moines, Iowa. Defendant owns and operates several coal-fired power plants located in Iowa that emit air pollutants into the ambient air, including the George Neal North plant in Sergeant Bluff, Iowa ("Neal North"), the Riverside Generating Station in Bettendorf, Iowa ("Riverside"), and the Walter Scott Jr. Energy Center in Council Bluffs, Iowa ("Scott").

6. Defendant is a "person" within the meaning of Sections 302(e) and 304(a)(3) of the Act, 42 U.S.C. §§ 7602(e), 7604(a)(1) and (a)(3).

## STANDING

7. Sierra Club has members who live, work, and recreate in and around the Neal North, Riverside, and Scott plants, as well as other areas downwind from each of those plants. These members are negatively impacted by air pollution emissions from the Neal North, Riverside, and Scott plants. The health and welfare of Sierra Club's members, as well as their

enjoyment of outdoor activities, has been and continues to be harmed by air pollution from those plants.

8. An order of this Court enjoining Defendant from operating the Neal North, Riverside, and Scott plants, requiring Defendant to comply with applicable emission limitations, and/or mitigating past illegal emissions will begin to redress the injuries to Sierra Club's members because the result will be a reduction in air pollution from the plant.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to 42 U.S.C. § 7604, 28 U.S.C. §§ 1331, 1355, and 2201. The relief requested by the Plaintiff is authorized by statute in 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 7604.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Defendant resides in, and all or a substantial part of the events or omissions giving rise to the claims herein occurred in the Southern District of Iowa. Venue is also proper pursuant to 42 U.S.C. § 7604(c)(1) because this action is for violations at the Neal North, Riverside, and Scott plants, which are located within the Southern District of Iowa.

## NOTICE

11. On July 25, 2012, Sierra Club provided notice to the Defendant, the State of Iowa, and the United States Environmental Protection Agency (EPA) Administrator via certified mail of certain claims for which notice is required in accordance with the requirements of CAA Section 304(b), 42 U.S.C. § 7604(b) and 40 C.F.R. part 54.

## GENERAL ALLEGATIONS

12.  The Neal North plant is located at or about 1151 260th Street, Sergeant Bluff, Iowa. It has three coal-fired boilers or "units": Boiler 1, rated at 1,363 million British thermal units per hour (MMBtu/hour); Boiler 2, rated at 3,081 MMBtu/hour; and Boiler 3, rated at 5,021 MMBtu/hour.

13.  The Riverside plant is located at 6001 State Street, Bettendorf, Iowa. It has three coal-fired boilers that vent through a common stack (emissions point EP-1): Boilers 7 and 8, each rated at 313 MMBtu/hour; and Boiler 9, rated at 1,202 MMBtu/hour.

14.  The Scott plant (formerly known as the Council Bluffs Energy Center) is located at 7215 Navajo Street, Council Bluffs, IA 51501. It has four coal-fired boilers: Boiler 1, rated at 656 MMBtu/hour; Boiler 2, rated at 935 MMBtu/hour; Boiler 3, rated at 7,300 MMBtu/hour; and Boiler 4, rated at 7,675 MMBtu/hour.

### The Clean Air Act

15.  The Clean Air Act requires that the EPA promulgate National Ambient Air Quality Standards (NAAQS), which are upper limits on air pollution in the ambient air, to protect public health and welfare with an adequate margin of safety, 42 U.S.C. § 7409.

16.  CAA Section 110, 42 U.S.C. § 7410, requires each state to adopt and to submit to EPA for approval a State Implementation Plan (SIP) that provides for the attainment and maintenance of the NAAQS. SIP requirements are federally enforceable in citizen suits under CAA Section 304(a)(1), 42 U.S.C. § 7604(a)(1).

17.  Title V of the Act, 42 U.S.C. §§ 7661-7661f, establishes an operating permit program for certain sources, including "major sources." The purpose of Title V is to ensure that

all "applicable requirements" for compliance with the Clean Air Act are collected in one place and that sufficient compliance testing and reporting occur.

18.     EPA promulgated regulations establishing minimum elements of a Title V permit program to be administered by an air pollution control agency. 57 Fed. Reg. 32,250 (July 21, 1992). Those regulations are codified at 40 C.F.R. part 70.

19.     The Act and Iowa's Title V operating permit program have, at all relevant times, made it unlawful for any person to violate any requirement of a permit issued under Title V, or to operate a major source except in compliance with a Title V permit. 42 U.S.C. § 7661a; 40 C.F.R. § 70.7(b).

## Limits on Visible Emissions from Defendant's Plants

20.     The Neal, Riverside and Scott plants are subject to federally enforceable emission standards that limit the opacity, as a percentage, of the emissions from the plants' boilers. These limits are contained in Iowa's EPA-approved State Implementation Plan ("SIP") (567 IAC § 23.3(2)"d"), EPA's New Source Performance Standards ("NSPS"), and the various PSD or construction permits for the individual boilers, where applicable. Each facility also holds a federally enforceable (and citizen enforceable) Title V operating permit that incorporates all applicable opacity limitations for the boilers.

21.     The Iowa SIP includes an opacity limitation as follows:

> No person shall allow, cause or permit the emission of visible air contaminants into the atmosphere from any equipment, internal combustion engine, premise fire, open fire or stack, equal to or in excess of 40 percent opacity or that level specified in a construction permit, except as provided below and in 567—Chapter 24.

567 IAC § 23.3(2)"d".

22.     The federal NSPS also applies to, at a minimum, Units 3 and 4 at Scott.  40 C.F.R. Subpart D establish New Source Performance Standards (NSPS) for Fossil Fuel-Fired Steam Generators for which construction is commenced after August 17, 1971.  Similarly, 40 C.F.R. Subpart Da establishes NSPS for Electric Utility Steam Generating Units for which construction, modification, or reconstruction is commenced after September 18, 1978.  Both regulations contain substantially the same opacity limitation prohibiting emissions that "[e]xhibit greater than 20 percent opacity except for one six-minute period per hour of not more than 27 percent opacity."  *Compare* 40 C.F.R. § 60.42(a)(2) with 40 C.F.R. § 60.42Da(b).

23.     Scott Units 3 and 4 have also been issued permits by the Iowa Department of Natural Resources that establish opacity limits reflecting the best available control technology ("BACT") that apply in addition to the opacity limits derived from applicable NSPS and the Iowa SIP.  Permit No. 75-A-357-P4, § 10a establishes a limit of 10% opacity for Scott Unit 3 on a 1-hour average and Permit 03-A-425-P, § 10a establishes a limit of 5% opacity for Scott unit 4 on a 1-hour average.

## FIRST CLAIM FOR RELIEF
(Emitting Visible Emissions in Violation of the Iowa SIP)

24.     Paragraphs 1 through 23 are realleged and incorporated herein by reference.

25.     At various times, Defendant emitted visible emissions from the boilers at the Neal North, Riverside, and Scott plants at rates and concentrations that violated the limits set forth in 567 IAC § 23.3(2)"d".

26.     Each 6-minute period during which visible emissions exceeded the applicable limit for each unit constitutes a separate and distinct violation.

27.     These violations entitle Plaintiff to injunctive relief and civil penalties. 42 U.S.C. §§ 7413 and 7604.

## SECOND CLAIM FOR RELIEF
(Emitting Visible Emissions in Violation of the NSPS)

28. Paragraphs 1 through 27 are realleged and incorporated herein by reference.

29. At various times, Defendants emitted visible emissions from Walter Scott 3 and 4 at rates and concentrations that violated the limits set forth in 40 C.F.R. § 60.42(a)(2) and 40 C.F.R. § 60.42Da(b).

30. Each 6-minute period during which visible emissions exceeded the applicable limit for each such unit constitutes a separate and distinct violation.

31. These violations entitle Plaintiff to injunctive relief and civil penalties, 42 U.S.C. §§ 7413 and 7604.

## THIRD CLAIM FOR RELIEF
(Emissions in Violation of Permitted Limits)

32. Paragraphs 1 through 31 are realleged and incorporated herein by reference.

33. Each of the foregoing opacity limits is contained in one or more air pollution control permits applicable to Defendant.

34. At various times, Defendant emitted air pollutants in amounts and concentrations that violated one or more permit limits. Each 6-minute period during which Defendant emitted air pollutants in amounts and concentrations that violated any permit limit constitutes a separate and distinct violation.

35. These violations entitle Plaintiff to injunctive relief and civil penalties. 42 U.S.C. §§ 7413 and 7604.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sierra Club respectfully prays for this Court to:

A. Declare that the Defendant has violated the applicable permit limits on visible emissions;

B. Declare that the Defendant have violated the applicable Iowa State Implementation Plan and New Source Performance Standard limits on visible emissions;

C. Enjoin Defendant from operating its coal-fired power plants except in complete compliance with permit and State Implementation Plan limits and requirements;

F. Order the Defendant to immediately comply with the statutory and regulatory requirements cited in this Complaint;

G. Order the Defendants to pay civil penalties, including a beneficial mitigation project pursuant to 42 U.S.C. § 7604(g)(2) that will reduce pollution in the immediate vicinity of its coal-fired power plants, where Sierra Club's members work, live, and recreate and, therefore, improve the air quality that is harming Sierra Club's members;

K. Order the Defendants to pay Sierra Club's costs of this action, including reasonable attorney fees, pursuant to CAA § 304(d), 42 U.S.C. § 7604(d);

L. Retain jurisdiction over this action to ensure compliance with the Court's Order; and

M. Order any other relief that the Court finds is just and equitable.

Respectfully submitted this 21st day of January, 2013.

                        MCGILLIVRAY WESTERBERG & BENDER LLC

                        s/David C. Bender

                        David C. Bender
                        Wisconsin State Bar No. 1046102
                        (Pro Hac Vice pending)
                        211 S. Paterson Street, Ste 320
                        Madison, WI 53703
                        Telephone: (608) 310-3560
                        Facsimile: (608) 310-3561
                        bender@mwbattorneys.com

                        /s/ Wallace L. Taylor
                        Wallace L. Taylor
                        Iowa Bar No. AT0007714
                        118 3rd Ave. S.E., Suite 326
                        Cedar Rapids, Iowa 52401
                        Telephone: 319-366-2428
                        Facsimile: 319-366-3886
                        wtaylorlaw@aol.com